STATE OF WISCONSIN *ex rel.* GEORGE P. DELAPLAINE,

*vs.*

EDWARD H. JANSSEN ET AL., Com'rs School Lands.

In the purchase at private sale of any school or university lands, application in writing must be made to the secretary of State, minutely describing the tract or lot, with the name of the applicant subscribed ; which application must be filed in the secretary's office.

This suit is brought by the plaintiff to compel the treasurer of the State to receive the amount of interest due on the contract of purchase from the State of a section of land in the county of Bad Axe, being part of the 500,000 acre tract of the State of Wisconsin. This tract was appraised by the State appraiser at the sum of $36.80, being an average of 05:8 cents per acre. The interest ($2.60) was tendered on the 29th day of January, 1853, to the State treasurer, according to the laws of the State, which was refused by that officer, on the alleged ground that said sale was illegal. The answer of the school land commissioners sets up that the entry by Mr. Delaplaine was in fraud of the act of Congress of September, 1851, (5 *Laws U. S.* 455, *sec.* 9,) which provides that these lands shall not be sold " at a price less than $1.25 per acre," until otherwise authorized by a law of the United States. To this answer the relator filed a general demurrer.

*Knapp & Frink,* for the relator.

*Attorney General,* for the commissioners.

*By the Court,* WHITON, C. J. The respondents, in

their response to the alternative writ which has been issued in this case, insist that these proceedings are improperly brought against them jointly, because the duty of receiving the interest, and giving a receipt for it, is, by law, devolved upon the treasurer alone. They further state that the issuing of the certificate to the relator was a violation of law, and was therefore void ; because, first, no application in writing for the purchase of the land was made to the secretary of State by the relator, as provided in section 32, of chapter 24, of the Revised Statutes. Second, because other provisions of law relating to sales of school lands were not complied with on the part of the relator ; and third, because the sale of the land was in contravention of an act of Congress, entitled "An act to appropriate the proceeds of the sales of the public lands, and to grant pre-emption rights." Approved September 4th, 1841.

The respondents also state that the certificate of sale set forth by the relator was duly recalled, and the surrender thereof demanded of the relator by the respondents, before any offer was made to pay interest thereon.

The view which we have taken of the matter obviates the necessity of an examination of more than one of the causes shown by the respondents, as a bar to the peremptory mandamus.

We think that the omission by the relator to apply to the secretary of State for the purchase of the land, as provided in the section of the Revised Statutes above referred to, justified the respondents in requiring the surrender of the certificate, in accordance with the provision contained in section 101, of chapter 24, of the Revised Statutes.

Section 32, above referred to, is as follows : "Ev-

ery person making application for the purchase, at private sale, of any school or university lands, shall produce to the secretary of State an application in writing, describing the tract or lot which he proposes to purchase, by the proper number of the section, township and range, and the subdivision of the section, with his name subscribed thereto, which application the secretary shall file in his office."

Section 33 provides that upon the receipt of the application, the secretary shall, if the land applied for may then be sold, enter in books to be kept for that purpose, a note of the application, specifying the day when made, the name of the applicant, and the description of the land, and shall also give to the applicant a memorandum, stating the application and describing the land, and setting out the price at which the same may be sold and the amount to be paid at the time of sale. Section 34 provides that upon producing such memorandum to the treasurer, and paying to him the money required to be paid, the treasurer shall give a receipt for the money, and execute duplicate certificates of sale, which shall be signed by the treasurer and countersigned by the secretary. Other provisions relating to the sale of these lands are contained in this chapter of the Revised Statutes, but it is not necessary to notice them. It will be seen that the sections of the Revised Statutes above quoted and referred to, contain minute directions to the officers who make sale of the lands, and also plain provisions as to the duty of the person who applies to purchase them. He is first to apply to the secretary of State ; and we deem it essential that this should be done in order to a valid sale. Unless ap-

Dec. Term 1858.

The State vs. Janssen et al. plication is thus made, there will be no entry on the books of the secretary to show what land has been sold, and the business of this important branch of our government will be thrown into confusion. It is also to be observed that section 101, of chapter 24, above referred to, provides that all sales of these lands made by mistake, or not in accordance with law, shall be void, and requires the holder of the certificate of sale issued thereon to surrender the same to the commissioners. Without looking at the other matters relied upon by the commissioners, we must hold the sale made by the relator void, and overrule the demurrer to the return.

Demurrer overruled.